CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT A. UNGER, | ) | Civil Action No. 7:10-cv-00374 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SHERIFF TONY ROPER, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Robert A. Unger, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Sheriff Tony Roper and Deputy Scott Feltner. Plaintiff alleges that the defendants maliciously prosecute him, harass him, and committed trespass. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Defendant Feltner broke open the door of plaintiff's property on April 19, 2010, allegedly in response to a call from plaintiff to emergency services. After responding to Feltner's questions, Feltner charged plaintiff with making an annoying or harassing call to emergency services, in violation of Virginia law. On July 9, 2010, a deputy trespassed on plaintiff's property and called plaintiff names. Plaintiff requests as relief $180,000 for mental anguish and false imprisonment. Plaintiff included with his complaint a state arrest warrant that reflects plaintiff's trial on the state charge will occur on September 16, 2010.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and

constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A malicious prosecution claim under § 1983 "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). See Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996). See also Graham v. Connor, 490 U.S. 386, 396-97, 399 (1989) (stating injury is objective and malice is not an element under the Fourth Amendment). The plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure to succeed on a malicious prosecution claim. Lambert, 223 F.3d at 261-62. The favorable termination element establishes the time from which the claim accrues for purposes of the statute of limitations. Id. at 262 n.3. However, plaintiff can not establish favorable termination because he has yet to be brought to trial for the alleged offense. Because there has not yet been a favorable outcome in the proceedings, as necessary to support plaintiff's malicious prosecution claim, plaintiff fails to allege a violation of a constitutional right. Accordingly, the court declines to exercise supplemental jurisdiction over any state law claim related to the allegations in the complaint, pursuant to 28 U.S.C. § 1367(c),

3

and dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claim at the time of his choice after favorable termination occurs.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of August, 2010.

/s/ James C. Turk
Senior United States District Judge